CITY OF MADISON, Respondent, v. WALKER, Appellant.

*October 4—November 2, 1965.*

For the appellant there was a brief by *Stephens, Bieberstein, Cooper, Bruemmer & Gartzke,* and oral argument by *John L. Bruemmer* and *Bruce Craig,* all of Madison.

For the respondent there was a brief by *Edwin C. Conrad,* city attorney, and *David Pappas,* assistant city attorney, and oral argument by *Mr. Pappas.*

WILKIE, J.   The sole issue presented on this appeal is the same as was before the circuit court, *i.e.,* was the finding of the trial court against the great weight and clear preponderance of the evidence.[1]   The facts are these: Appellant had a tooth removed by his dentist, Dr. Robert Linn, in October of 1963, and took triacetyloleandomycin (TAO) capsules four times a day for nine days to prevent infection. His jaw became infected early in 1964 and on March 3d, Dr. Linn again prescribed four TAO capsules a day.   Appellant took three capsules that day and four on March 4th, 5th, and 6th.

---

[1] *Madison v. Geier* (1965), 27 Wis. (2d) 687, 135 N. W. (2d) 761.

Appellant testified that he worked on March 7th and had a sandwich, coffee, and a bottle of beer for lunch at about 1:30 p. m. After spending the afternoon at home, he went for supper at Nick's restaurant on State street in Madison. He arrived at about 7:30 and had a 12-oz. beer, a sandwich, and coffee. He took his third TAO capsule at that time, and had three or four more beers before leaving at 9. Nick Christakos, the proprietor, substantiated appellant's story and testified that the appellant acted normally and gave no indications of being under the influence of alcohol. After leaving the restaurant, appellant entered his car to drive home. The next thing he remembered was waking up in the city jail about midnight.

Shortly after 9, a policeman, Clifton Finger, observed appellant's car on a safety island at the intersection of Wisconsin avenue and Mifflin street on Madison's capitol square. He testified that the car backed off the island and proceeded up Wisconsin avenue for two blocks, at a speed of about 10 miles an hour. At this point, Finger signalled appellant to pull his car over to the curb. Appellant obliged. Finger and Officer John Riley, who responded to the former's call for assistance, testified that appellant was unable to locate his driver's license, had difficulty in unfolding a piece of paper which was in his wallet, spoke deliberately and in an impaired manner, could not perform four tests given to drivers suspected of being intoxicated (heel and toe, balance, coin retrieval, and finger to nose), and fell down on one occasion. Appellant was taken to the Madison police station where he had continued difficulty with the heel-toe and coin-retrieval tests and fell down once again. A breathalyzer test, given by Lieutenant Wilson, indicated that appellant had .21 percent by weight of alcohol in his bloodstream. All three police officers testified that they could smell alcohol on appellant's

breath and further that they considered appellant to be intoxicated.

There was testimony by an expert witness, Dr. David Gilboe, that TAO could impair the liver function, that a person taking TAO could experience symptoms similar to alcoholic intoxication, that TAO and alcohol act independently of each other, and that a man of appellant's size with normal liver function, taking four or five bottles of beer over a two-hour period, would test approximately .075 percent and .104 percent weight of alcohol in the blood respectively. Appellant points to the disparity between these calculations and the results of the breathalyzer in suggesting, in effect, that the machine was unreliable. In essence, he contends that his conduct was really not due to the beer but to a liver malfunction brought on by the drug, and that under these circumstances, he could not be convicted under the Madison ordinance.

Appellant's position is untenable for several reasons :

First, the evidence simply does not bear out the contention that the breathalyzer reading was inaccurate. The city chemist testified that he checked the machine February 4th and March 11th, only four days after appellant was tested, and found it to be functioning properly. In addition, Lieutenant Wilson was certain that he had faithfully followed the prescribed 17-step procedure in administering the test. Second, the trial court could have believed that the breathalyzer reading and the officers' testimony disproved appellant's claim of only consuming four or five beers. Third, although there was testimony concerning the effect TAO *could* have on an individual's liver, there was *no* evidence that appellant in fact *was* ever so afflicted. Thus, the trial court was free to conclude that although the expert testimony was sound, it was not entitled to any weight in this particular case.

In short, the evidence is overwhelming in support of the finding by the trial court that the appellant was guilty of driving under the influence of intoxicants.

Even if appellant's state was drug induced, and not traceable in any degree to the beer, he nevertheless could have been convicted under the Madison ordinance which also makes it unlawful to operate a motor vehicle under the influence of a dangerous drug [2] such as the TAO prescribed for and used by the appellant.[3]

In his opinion the circuit court said that the trial court had the right to rely on the breathalyzer test and to place great weight on it in finding the appellant guilty of driving under the influence of liquor. The circuit court's judgment affirmed the trial court's finding to this effect. He also ruled that, even under the view of the evidence most favorable to appellant—that his condition was due to the drug—he was also guilty of violating the ordinance. The judgment of affirmance was silent on this ground for conviction. Appellant contends that the circuit court may have changed or modified the basis for the conviction. There was no modification in the basis for conviction because of what the circuit court stated in his decision, but even if there were it would be of no account on this appeal since on review this court looks to the findings of the trial court (v. the circuit court)

---

[2] Madison Ordinance 12.64 "(1) It is unlawful for any of the following to operate a motor vehicle:

"(a) A person who is under the influence of an intoxicant or under the influence of a dangerous or narcotic drug. . . ."

[3] Madison Ordinance 12.64 (3) provides: "In this section, 'dangerous drug' means any drug enumerated in section 151.07, Wisconsin Statutes." Sec 151.07 (1) (a), Stats., in turn, provides: " 'Dangerous drug' means any drug or drug-containing preparation, the original container of which bears the statement 'Caution—federal law prohibits dispensing without prescription' and . . . ."

to determine if they are contrary to the evidence.[4] In any event the circuit court made it crystal clear that the trial court's finding of driving under the influence of liquor could not be reversed.

Appellant also asks for a new trial on the grounds that the real controversy has not been tried and because there has been a miscarriage of justice. The record discloses that appellant has been afforded his day in court and there are no extenuating circumstances present which would dictate a second trial.

*By the Court.*—Judgment affirmed.