MILWAUKEE COUNTY, Respondent, v. CALDWELL,
Appellant.

*May 10—June 7, 1966.*

For the appellant there was a brief and oral argument by *John F. Keese* of Milwaukee, attorney, and *James J. Caldwell* of Waukesha, *pro se*.

For the respondent there was a brief by *Robert P. Russell*, corporation counsel, and *Joseph J. Esser*, assistant corporation counsel, and oral argument by *Mr. Esser*.

WILKIE, J. The threshold issue on this appeal is whether an appeal from a county court judgment under a county ordinance imposing a forfeiture must be taken to the circuit court or whether an appeal may in the alternative be taken either to the circuit court or directly

to the supreme court. This issue was not raised by the parties, but jurisdiction is always a proper question to consider even if we raise it *sua sponte.*[1]

The right to a direct appeal to the supreme court from a county court judgment of forfeiture was left unsettled by the sweeping court reorganization legislation of 1961 because a chapter dealing specifically with traffic forfeiture cases was not passed.[2] Since the 1961 court reorganization, three forfeiture cases have been appealed directly to this court from county court. However, the jurisdiction issue was never raised.[3] A number of other cases have been appealed here from the circuit court.[4]

The basic statute governing appeals directly to this court from county court is sec. 324.01, which provides in part:

"**Appeals from county court.** Any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

[1] *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 573, 113 N. W. (2d) 411.

[2] 1961 Wisconsin Bill No. 236, A., would have repealed and renumbered several sections of ch. 345, Stats., and would have created, in addition, a complete procedural scheme for traffic forfeiture cases. Appeals from trials to the court or to a six-man jury would have been to circuit court. Appeals from verdicts of a 12-man jury would have been to supreme court under ch. 274. The bill was vetoed.

[3] *Neenah v. Alsteen* (1966), 30 Wis. (2d) 596, 142 N. W. (2d) 232; *Milwaukee v. Wuky* (1965), 26 Wis. (2d) 555, 133 N. W. (2d) 356; *Milwaukee v. Milwaukee Amusement, Inc.* (1964), 22 Wis. (2d) 240, 125 N. W. (2d) 625.

[4] *Johnston v. Sheboygan* (1966), 30 Wis. (2d) 179, 140 N. W. (2d) 247; *Milwaukee v. Hoffmann* (1965), 29 Wis. (2d) 193, 138 N. W. (2d) 223; *Bayside v. Berthiaume* (1965), 29 Wis. (2d) 102, 138 N. W. (2d) 232; *Madison v. Walker* (1965), 28 Wis. (2d) 469, 137 N. W. (2d) 410; *West Milwaukee v. Klix* (1965), 28 Wis. (2d) 410, 137 N. W. (2d) 99; *Madison v. Geier* (1965), 27 Wis. (2d) 687, 135 N. W. (2d) 761.

Although this section seems to authorize direct appeal, ch. 324, Stats., has traditionally been restricted to probate matters,[5] and ch. 274, which applies to nonprobate actions, limits appeal from county court to the supreme court to instances where no provision is made for appeal to circuit court.[6] Thus the underlying question of whether appeal from forfeiture cases is compelled to the circuit court is presented.

Forfeiture actions for county ordinance violations are governed by chs. 66, 288, 299, and 345, Stats.[7] Sec. 66.12 (2) states in part:

"APPEALS. Appeals in actions to recover forfeitures and penalties imposed by any ordinance, resolution or by-law of the city or village may be taken either by the defendant or by such municipality to the circuit court. . . . Appeals from county court shall be taken in accordance with the provisions of ch. 299, except that any appeal from wherever taken shall be perfected within 5 days after judgment is entered."

This section clearly provides for appeal to the circuit court. However, appellant argues that he is not here by virtue of ch. 66, Stats., which deals with municipal law generally, or ch. 299, which prescribes small claims pro-

[5] *Oremus v. Wynhoff* (1963), 19 Wis. (2d) 622, 121 N. W. (2d) 161.

[6] "274.09 **Appeals to supreme court, where allowed.** (1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court and from any court of record having civil jurisdiction when no other court of appeal is provided."

[7] Sec. 299.01 (2) "FORFEITURES. Actions to recover forfeitures except as a different procedure is prescribed in chs. 66, 288 and 345, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein; . . ." The reference to ch. 345 was included in anticipation of the passage of Bill No. 236, A., and is meaningless since that bill was not enacted, *supra,* footnote 2. See Markey, The Impact of Court Reorganization on City Prosecutions, 24 Gavel (No. 1, June 1963), 18.

cedures, but rather under sec. 288.10.[8] But even if the case was commenced under sec. 288.10, ch. 299 would govern the appeal. This is because ch. 288 contains no provisions concerning appeal and sec. 299.01 (2) [9] would then make ch. 299 procedure applicable. Respondent agrees and it has been suggested [10] that the case is governed by ch. 299. Although a complete recitation of all its provisions would serve no good purpose, it is apparent that sec. 299.30, contemplates appeal to the circuit court and not the supreme court,[11] except where the forfeiture action was tried to a 12-man jury.[12]

---

[8] "288.10 **Municipal forfeitures, how recovered.** All forfeitures imposed by any ordinance or regulation of any county, town, city or village, or of any other domestic corporation may be sued for and recovered, pursuant to this chapter, in the name of such county, town, city, village or corporation.

[9] *Supra,* footnote 7.

[10] "Any statement made with respect to procedure involving traffic matters must necessarily be incomplete at this time. A bill which would have substantially revised traffic procedure did not become law. There apparently will be an attempt to introduce another bill relating to traffic procedure to be considered by the fall segment of the 1961 legislative session. In the event no action is taken by the legislature in this respect, traffic procedure will be pursuant to chs. 66, 288, 299 and 345. It is expected that most forfeiture actions in county court will use the procedure as outlined in ch. 299 and procedures before municipal justices of the peace will be that of a justice court as modified by provisions of sec. 66.12." Conway and Hillemann, Wisconsin's Reorganized Courts—1962, 34 Wisconsin Bar Bulletin (No. 7, Dec., 1961), 7, 13.

[11] "299.30 **Appeal.** (1) ORDERS. An appeal may be taken to the circuit court from orders denying motions or petitions made under ss. 299.14, 299.28 and 299.29 within 20 days of entry of such order.

"(2) . . .

"(3) OTHER JUDGMENTS. Within 20 days (10 days in unlawful detainers) after the date of mailing of notice of entry of judgment, as appears in the case docket, any appeal other than one specified in sub. (2) may be taken to the circuit court . . . .

"(4) . . .

Therefore, the conclusion that an appeal from a forfeiture determination in county court is to circuit court, and not to the supreme court, is arrived at regardless of whether the action was commenced under ch. 66, 288, or 299, Stats.

In *State ex rel. Jenkins v. Fayne* [13] appellant contended that his contempt case was properly appealed from county court to circuit court, rather than to the supreme court. This court noted that because there was no statutory authorization for appeal of a criminal contempt case to circuit court, appeal to the supreme court was thus proper. The same logic is applicable here. Appeals are not allowed in the absence of statutory authorization. Except for sec. 299.30 (2), Stats., which permits appeal directly to the supreme court in case of a 12-man-jury trial, all of the sections concerning forfeiture actions provide for appeal to circuit court. The appeal here should have been to circuit court.

As a matter of sound appellate practice, there is no reason for allowing a choice of appeal either to circuit court or supreme court. Where the procedure for appeal to circuit court is clearly provided, it is exclusive. Where appeal is permitted directly to the supreme court, that procedure is also exclusive.

Because the appeal here should have been taken to the circuit court and not directly here, this court has no

"(5) CIRCUIT COURT POWER ON APPEAL. On appeal, the circuit court has power similar to that of the supreme court under ch. 274 to review and to affirm, reverse, or modify the judgment appealed from, and in addition the circuit court may order a new trial in whole or in part, which shall be in the circuit court.

"(6) MOTIONS IN APPELLATE COURT. At any time after the filing in the circuit court of the return on an appeal, any party to the action or proceeding, upon notice under s. 269.31, may move that the judgment appealed from be affirmed, or modified and affirmed as modified, or that the appeal be dismissed, or may move for a new trial or a reversal."

[12] Sec. 299.30 (2), Stats.

[13] (1964), 24 Wis. (2d) 476, 129 N. W. (2d) 147.

jurisdiction to take up this appeal and it therefore must be dismissed. Accordingly, we do not reach the merits of appellant's contentions that (1) the suit was not properly commenced by complaint and warrant, and (2) there was insufficient evidence to support the conviction.

*By the Court.*—Appeal dismissed without costs.