HARMS, Plaintiff in error, v. STATE, Defendant in error.

*September 8—October 3, 1967.*

For the plaintiff in error there were briefs and oral argument by *Thomas T. George* of Madison.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Walter J. Swietlik,* district attorney of Ozaukee county.

HANSEN, J. The defendant raises several issues. One is, that for purposes of appeal, a crime, which is clearly defined by statute as a misdemeanor, somehow changes its status when the provisions of the repeater statute are invoked by the trial court at the time of sentencing.

In *Pruitt v. State* (1962), 16 Wis. 2d 169, 172, 114 N. W. 2d 148, this court considered the nature of misdemeanors and felonies under sec. 939.60, Stats., and concluded that the distinction is on the basis of punishability for the crime and not necessarily on the basis of where the actual confinement is served.

". . . The definition distinguishes felonies from misdemeanors on the basis of punishability, but does not necessarily control or determine the place where the actual confinement is to be served. A felony carries the potential of imprisonment in prison. However, one convicted of a felony who is sentenced to less than one year may be confined in the county jail without changing the nature of the crime to that of a misdemeanor.

"Likewise, one may serve a sentence for a misdemeanor in a prison without changing the nature of the crime from a misdemeanor to a felony. . . ."

It is also urged that a crime, although clearly defined by statute as a misdemeanor, is, for the purposes of applying statutory proceedings relating to appeal, converted or somehow changed to a felony as a consequence of invoking the provisions of the recidivist statutes in sentencing.

The habitual criminality statute increases the penalty for a particular misdemeanor or felony involved, but in no way changes the nature of the crime.

The general rule is well stated in 24B C. J. S., *Criminal Law*, p. 437, sec. 1958:

"The enactment of an habitual criminal statute does not change the rules of evidence, or increase the malignity of the crime, or take the presumption of innocence

away from an accused; nor does the statute convert a mere misdemeanor into a felony."

Furthermore, the rules, applicable to review in criminal prosecutions generally, apply in a prosecution of one accused as an habitual criminal, such as the rules relating to the form of remedy, jurisdiction, and right to appeal, and scope and extent of review. 24B C. J. S., *Criminal Law*, p. 528, sec. 1972.

A misdemeanor remains a misdemeanor even though the provisions of the repeater statute are invoked at the time of sentencing.

This case comes before this court as a result of the issuance of a writ of error. In effect, this is a direct appeal from the judgment of a county court in a misdemeanor criminal case.

Therefore, being an appeal, by writ of error, it is governed by the provisions of sec. 958.075, Stats., which provides in part:

"**Misdemeanor appeals from county court.** (1) Appeals in misdemeanor cases are to the circuit court for the county . . . ."

Appeals from judgments of county court have recently been considered by this court in two cases. *Milwaukee County v. Caldwell* (1966), 31 Wis. 2d 286, 143 N. W. 2d 41, concerned a direct appeal to the supreme court from a conviction in county court for a violation of a traffic ordinance. In *State ex rel. Murphy v. Voss* (1967), 34 Wis. 2d 501, 149 N. W. 2d 595, the matter of appellate procedures under sec. 958.075 (1), Stats., was one of the issues considered. It was there determined that one of the reasons for the enactment of sec. 958.075, which requires that appeals on misdemeanor cases be from county court to circuit court, was to provide for the economic and orderly administration of justice.

In *Caldwell, supra,* it was held that appeals from county court for a violation of a traffic ordinance were

subject to the provisions of sec. 66.12 (2), Stats., which provides in part as follows:

"Appeals in actions to recover forfeitures and penalties imposed by an ordinance . . . may be taken . . . to the circuit court."

The provisions of sec. 958.075 (1), Stats., are comparable to the statutory language passed upon in *Caldwell, supra,* wherein it was held (p. 292), "Where the procedure for appeal to circuit court is clearly provided, it is exclusive."

Therefore, it is now held this appeal should have been taken to the circuit court and not directly to the supreme court. For this reason, this appeal must be dismissed.

Inasmuch as our conclusion on the question of jurisdiction is dispositive of this appeal, it is unnecessary to consider the other issues presented.

*By the Court.*—Writ dismissed without costs.