STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeremy G. SQUIRES, Defendant-Appellant.†

Court of Appeals

*No. 96–3302–CR. Submitted on briefs April 23, 1997.—Decided May 29, 1997.*

(Also reported in 565 N.W.2d 309.)

For the defendant-appellant the cause was submitted on the briefs of *Charles Bennett Vetzner*, Assistant State Public Defender.

---

†Petition to review denied.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

VERGERONT, J.   Jeremy Squires appeals the judgment of conviction for bail jumping as a repeater on the ground that the information did not allege the length of time he was incarcerated for the prior conviction that was the basis for the repeater penalty enhancement. We conclude that the trial court correctly ruled that the allegations in the information were sufficient. We therefore affirm.

The criminal complaint charged Squires with operating a motor vehicle without the owner's consent contrary to § 943.23(2), STATS., felony bail jumping contrary to § 946.49(1)(b), STATS., and disorderly conduct contrary to § 947.01, STATS., all arising out of incidents occurring on August 27, 1995. For each charge, the complaint also alleged that Squires was a repeat offender, subjecting him to an increased penalty of not more than two years "because the defendant has been convicted of three misdemeanors within the last five years, as provided by Wis. Stats. Sec. 939.62(1)(b),[1] to wit: possession of THC and two counts of delivery of

---

[1] Section 939.62(1)(b)and (2), STATS., provide in part:

   (1)   If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:
   . . . .

controlled substance on 10/31/89 in Rock County, Beloit, Wisconsin." (Footnote added.)

After Squires waived a preliminary hearing, the State filed an information containing the same three charges as the complaint. After each charge, the information alleged repeat offender status in this way: "said term of imprisonment [for the offense charged] may be increased by not more than six years because the defendant has been convicted of a felony within the last five years, as provided by Wis. Stats. Sec. 939.62(1)(b), to wit two counts of a delivery of a controlled substance on 10/31/89 in Rock County, Beloit, Wisconsin."

Pursuant to a plea agreement, Squires entered a guilty plea to the charge of felony bail jumping in exchange for the State's agreement to seek dismissal of the other two charges. Under the agreement, Squires reserved the right to contest both the accuracy and the sufficiency of the repeater allegation. The trial court accepted the guilty plea, dismissed the other two charges, and set a hearing on Squires's challenge to the repeater allegation. At that hearing, the State

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(2) The actor is a repeater if the actor was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that the actor was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

presented the following evidence through witnesses and records. On August 31, 1989, Squires was convicted in Rock County of one count of delivery of cocaine, one count of possession of a controlled substance with intent to deliver, and one count of carrying a concealed weapon. He was sentenced on 10/31/89 to an indeterminate sentence not to exceed three years on counts one and two, and nine months concurrent on count three. He was released from prison on 4/7/91.

The parties then submitted briefs on Squires's contentions that the repeater allegation in the information was deficient because it did not correctly allege the date of his felony drug conviction, in that the date alleged was the date of sentencing, not the date of conviction, and also did not allege the period of confinement for the prior felony. The court ruled that the repeater allegation was both adequately pleaded and proved. With respect to the contention of inadequate pleading, the trial court concluded that the charging document could allege either the date of conviction for the prior offense or the date of sentencing. The court also concluded that the charging document did not need to allege the periods of incarceration for the prior offense.

On appeal, Squires contends that when a charging document alleges, as part of a repeater allegation, that the defendant was convicted of a felony that actually occurred more than five years prior to the new offense, it must also allege the length of time the defendant was incarcerated while serving a criminal sentence.[2]

---

[2] Squires is not appealing the court's ruling that the charging document may allege either the date of conviction or the date of sentence for the prior crime, nor its ruling that the State proved repeater status.

Squires relies on § 939.62(2), STATS., which defines "repeater" as an "actor . . . convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor is presently being sentenced," and also provides that "in computing the 5 year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded." According to Squires, if the period of incarceration is not alleged in the charging document—to show that the prior conviction was within five years not counting the period of incarceration—the repeater charge must be dismissed. The State responds that the allegations in the information were sufficient because they contained the date of the prior conviction, the nature of the prior offense (misdemeanor or felony), the length of potential sentence with the repeater enhancement, and, by reference to § 939.62, what must be proved for a repeater penalty enhancement.

Resolution of this issue requires us to interpret § 939.62, STATS., and related statutes, and therefore presents a question of law, which we review de novo. *See State v. Zimmerman,* 185 Wis. 2d 549, 554, 518 N.W.2d 303, 304 (Ct. App. 1994).

We begin by examining § 973.12(1), STATS., which governs the pleading of repeater allegations, because Squires relies in part on cases interpreting this statute. Section 973.12(1), STATS., provides in part:

> (1) Whenever a person charged with a crime will be a repeater or a persistent repeater under s. 939.62 if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. . . .

*State v. Martin,* 162 Wis. 2d 883, 470 N.W.2d 900 (1991), and *State v. Wilks,* 165 Wis. 2d 102, 477 N.W.2d 632 (Ct. App. 1991), two of the cases on which Squires relies, apply § 973.12(1), STATS., in the context of amendments to the charging document after acceptance of a plea. In *Martin,* the information did not contain a repeater allegation, and after the defendant pleaded not guilty at arraignment, but before trial, the State amended the information to add a repeater allegation. The State argued that the defendant was not prejudiced by the amendment because he had pleaded not guilty and the amendment occurred before trial. The court rejected this argument, concluding that the statute required that the repeater allegation be made prior to or at arraignment and before the acceptance of any plea, regardless of the nature of the plea. *Martin,* 162 Wis. 2d at 902–03, 470 N.W.2d at 907–08. The court also noted that there was a due process underpinning to this requirement, because when a defendant enters a plea he or she is entitled to know the extent of the punishment for the alleged crime, which the defendant cannot know if not informed of the repeater enhancement. *Id.* at 900–01, 470 N.W.2d at 907.

In *Wilks,* we applied § 973.12, STATS., to a situation where the charging document did initially allege a prior offense in support of a repeater allegation. *Wilks,* 165 Wis. 2d at 104–06, 477 N.W.2d at 633–35. After the defendant entered a no contest plea to the charged offense, but not to the repeater allegation, the state found it could not prove the alleged prior offense and wanted to allege a different prior offense that it could prove. We concluded that Wilks was prejudiced by the amendment because when he entered the no contest plea, he had notice of only one alleged prior conviction,

which he believed the state could not prove. *Id.* at 110, 477 N.W.2d at 636.

We do not view either *Martin* or *Wilks* as providing support for Squires's argument. There is no dispute in this case that a prior conviction was alleged in the information; there is no contention on appeal that the prior conviction alleged in the information was inaccurate; and there was no attempt by the State to change the information after entry of the plea. Section 973.12(1), STATS., requires that "prior convictions" be alleged, and that was done here. In *State v. Gerard,* 189 Wis. 2d 505, 525 N.W.2d 718 (1995), the court rejected the argument that § 973.12(1) requires that the sentence portion of the repeater enhancement be alleged in the information. *Id.* at 514, 525 N.W.2d at 721. In discussing what was included in the statutory requirement that "any applicable prior convictions" be alleged, the court stated:

> In such a circumstance, the information will identify the repeater offense, the date of conviction for that offense, and the nature of the offense—whether for a felony or misdemeanor conviction. The totality of information provided in the information will allow a defendant to determine the length of the enhanced penalty to which he is exposed. (Footnote omitted.)

*Id.* at 515–16, 525 N.W.2d at 722. The language of § 973.12(1) does not indicate that the period of incarceration served for the prior conviction must be alleged in the charging document, and we decline to read such a requirement into the statute.

Squires suggests that the due process concerns of *Martin* and *Wilks* are nonetheless applicable here, and he attempts to draw a parallel with the facts in *Wilks.*

He contends that, like Wilks, he did not have sufficient notice that he could receive an enhanced penalty because the alleged date of the prior conviction was clearly outside the five years required for repeater status. We see no parallel. At the time Squires entered his plea, Squires had all the information from the charging document necessary to assess his potential punishment as a result of the repeater allegations. He was informed of the date, nature and jurisdiction of the prior conviction. He was informed of the penalty that could be added as a result of the repeater status—although, as we noted above, *Gerard* holds the charging document need not contain that information. And by reference to § 939.62(1)(b), STATS., he was referred to the statute defining repeater status, which includes the requirement that the prior felony conviction alleged in the information must have occurred within five years of the present charge, not counting confinement for serving a criminal sentence.[3] Assuming without deciding that sufficient notice of the repeater penalty enhancement requires that Squires be informed of the requirements under § 939.62 for proving repeater status, reference to the statute number is sufficient. *See State v. Petrone,* 161 Wis. 2d 530, 553–54, 468 N.W.2d 676, 685 (1991) (complaint or information failing to articulate element of crime but citing statute number defining crime is sufficient as long as defendant not prejudiced).

If Squires is contending that he was misled and prejudiced by the information, he does not explain how, and we do not see how. It is true the information alleged that the prior conviction was within the last five years when it clearly was not if one counts every

---

[3] Section 939.62(1), STATS., refers to subsec. (2) for the definition of "repeater."

day. However, the reference to § 939.62(1)(b), STATS., was sufficient to alert Squires to the statutory method for determining whether the prior conviction was within five years. Squires does not contend otherwise. He may well have entered his plea believing he had a challenge to the sufficiency of the information on the repeater allegation that would prove successful, and for that reason decided to reserve that option when he entered the plea. But this does not show he was prejudiced by the omission in the information of the prior incarceration dates.

Squires also relies on *State v. Zimmerman,* 185 Wis. 2d 549, 518 N.W.2d 303 (Ct. App. 1994). The criminal complaint in that case was filed on December 18, 1991, but contained no repeater allegation. The information alleged that he "had previously been convicted within the last five (5) years of . . . Aggravated Robbery in Potter County, State of Texas . . . on or about 11–09–83 being released on 3–28–91 [and he therefore is] a habitual criminal pursuant to Section 939.62(2)." *Zimmerman,* 185 Wis. 2d at 553 n.1, 518 N.W.2d at 304. At the arraignment held later the same day the information was filed, Zimmerman waived the reading of the complaint and no mention was made of the new repeater allegation in the information. Prior to accepting Zimmerman's guilty plea at a later date, the court noted the repeater allegations in the information and Zimmerman acknowledged receiving a copy of the information and being convicted of a felony in Texas in 1983. *Id.* at 553, 518 N.W.2d at 304. The court accepted Zimmerman's guilty plea and also found that he had been convicted of a felony within the past five years.

On appeal, Zimmerman contended that he did not admit the repeater allegation and that the state failed

to prove that the prior conviction was within five years of the present offense as required by § 939.62(2), STATS. *Id.* at 552, 518 N.W.2d at 304. We rejected the state's contention that Zimmerman's guilty plea constituted an admission to the repeater allegation such that the state did not have to prove the prior conviction. *Id.* at 555–57, 518 N.W.2d at 305–06. We determined that there was confusion at the plea hearing as to whether the repeater charge was going to be dismissed under the plea agreement, and that, although Zimmerman admitted to the 1983 conviction and to the facts as stated in the information, he never admitted that conviction was less than five years of the date of the present offense and was never asked about the period of incarceration. We concluded that in the absence of a valid admission, the state had to prove that the prior conviction occurred within the statutory five-year period. The only evidence offered by the state was the information, which did not state the date of incarceration or the date of sentencing. We declined to infer that "release on 3–28–91," as stated in the information, meant that Zimmerman was incarcerated from the date of the conviction until that date. *Id.* at 557–58, 518 N.W.2d at 306. We concluded that "the state failed to show that the prior conviction occurred within the previous five years and Zimmerman did not admit such facts." *Id.* at 559, 518 N.W.2d at 306.

Squires reads *Zimmerman* to require that the information allege the specific dates of incarceration that bring the prior conviction within the statutory five years, regardless of how the State chooses to prove the repeater allegation. We do not agree. Our conclusion in *Zimmerman* explicitly stated that we were deciding whether the state had proved repeater status in the absence of an admission by Zimmerman. Our reference

885

to the allegations in the information, on which Squires relies, must be understood in that context. After rejecting the State's interpretation of the information, we stated:

> We have recently stressed the importance of following the requirements of § 973.12(1), STATS., due to the increasing number of cases on appeal concerning the procedural irregularities for repeater convictions. *See Coolidge*, 173 Wis. 2d at 795–96, 496 N.W.2d at 707–08. The State must make a specific allegation of the preceding conviction and incarceration dates so as to permit the court and the defendant to determine whether the dates are correct and the five-year statutory time period is met. In the alternative, the trial court may obtain a direct and specific admission from the defendant. In addition to asking the question "whether the defendant was convicted on a particular date of a specified crime," *see Farr*, 119 Wis. 2d at 659, 350 N.W.2d at 645, the trial court could simply ask the follow-up question "what period of time was the defendant incarcerated as a result of the conviction."

*Id.* at 558–59, 518 N.W.2d at 306.

In this statement we are explaining two alternative ways in which a proper admission from the defendant may be obtained. One alternative is for the information to allege the incarceration dates (which Zimmerman's information did not) so that the defendant's admission to the information is an admission to all the facts necessary to prove repeater status. The other alternative is for the trial court to obtain direct and specific admissions from the defendant as to those dates, which the *Zimmerman* trial court did not do. The significance of the information in the first alternative is that the State is

relying on the defendant's admission to the allegations in the information to satisfy its burden of proving all the requirements necessary for the proper imposition of a repeater enhancement. However, if the defendant himself or herself directly testifies to the incarceration dates and other necessary facts, the State can meet its burden of proof without regard to the contents of the information. Similarly, where the State does not rely on the defendant at all to prove the facts necessary to repeater status but instead presents other evidence of those facts, as in this case, the contents of the information does not determine whether the State has met its burden of proof.

In summary, we conclude that the trial court correctly ruled that the allegations in the information were sufficient to plead the repeater penalty enhancer.

*By the Court.*—Judgment affirmed.