STATE of Wisconsin, Plaintiff-Respondent,

v.

Vernon D. FIELDS, Defendant-Appellant.†

Court of Appeals

*No. 01–1177–CR. Submitted on briefs September 25, 2001.—
Decided November 14, 2001.*

2001 WI App 297

(Also reported in 638 N.W.2d 897.)

† Petition to review denied 1-29-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martha K. Askins*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Kelly L. Goss*, assistant attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J. In this criminal procedure case, we are asked to determine whether an information containing a repeater allegation without identifying a specific prior conviction complied with the statutory prerequisites of Wis. Stat. § 973.12(1) (1999–2000)[1] and due process. We agree with Vernon D. Fields that the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

pleadings in this case were insufficient to adequately allege a repeater enhancer under § 973.12(1). Nevertheless, we affirm the judgment and order of the trial court on the basis that the State's pre-plea submission of a certified copy of prior convictions constituted an amendment to the information, thereby curing its defects and providing Fields with the requisite notice of his repeater status before he pled to the charges.

¶ 2. On August 31, 2000, the State filed a criminal complaint charging Fields with battery against a peace officer in violation of Wis. Stat. § 940.20(2), a Class D felony. The criminal complaint did not contain any repeater allegation. Fields waived a preliminary hearing and, on October 2, 2000, entered a not guilty plea to an information that charged the same offense and alleged Fields' repeater status in the following manner:

AS TO DEFENDANT FIELDS & ACOSTA[2]

By virtue of the defendant's status as a habitual criminal or "Repeater" as that term is defined in Section 939.62(2) of the Wisconsin Statutes, said period of incarceration can be increased by not more than six years, for a total of sixteen years, pursuant to Section 939.62(1)(b) of the Wisconsin Statutes.

At the October 2 hearing, the following exchange took place between the judge and Fields' counsel:

[The Court:] Let the record show an information has been filed with the court charging the defendant with one count of battery to a peace officer with the additional provision that he is charged a repeater and would therefore upon conviction be subject to a fine not to

---

[2] In addition to Fields, the information named as defendants Wilfredo Vasquez, Jr., Bernardo Hernandez and Andrew Acosta.

exceed $10,000, imprisonment not to exceed 16 years, or both. Does the defendant acknowledge having received a copy of the information?

[Fields' attorney:] Yes. We acknowledge receipt of a copy of his information at this time and waive any further reading at this time subject to any objections.

[The Court:] And the defendant's plea to the charge?

[Fields' attorney:] Judge, at this time we would be entering a plea of not guilty to the information.

¶ 3. On October 16, 2000, the trial court conducted a change of plea hearing. Prior to the plea taking, the State filed a certified copy of Fields' judgment of conviction from Milwaukee county indicating convictions of two misdemeanors and one felony for battery to a peace officer. Fields also filed a signed "Plea Questionnaire/Waiver of Rights" form. Although the plea questionnaire did not specify that the charge included a repeater enhancement, it identified the maximum penalty as being sixteen years' imprisonment or $10,000 or both. After a brief colloquy covering the rights he was giving up and the plea questionnaire he signed, the trial court accepted Fields' no contest plea. Fields was sentenced on October 19, 2000, to a term of sixteen years, with eleven years in confinement and five years of extended supervision.

¶ 4. Fields filed a postconviction motion challenging the validity of the repeater portion of his sentence. He claimed, as he does now, that the State failed to allege in either the complaint or the information, prior to the entry of any plea, the specific prior convictions that formed the basis of the repeater allegation. After a hearing on the matter, the trial court denied the motion, concluding that the State had substantially com-

295

plied with the statute and the case law, and that Fields had been adequately advised of the penalties to which he would be exposed in the event of conviction.

■

¶ 5. WISCONSIN STAT. § 973.12(1) governs sentencing of a repeater and requires that the defendant admit or the State prove the prior conviction that serves as the basis for the repeater allegation. In this case, however, Fields does not challenge the proof of his prior convictions offered by the State on October 16, 2000. Instead, Fields argues that he lacked proper notice of the repeater charge because the information was incomplete and that therefore the portion of his sentence attributable to the repeater allegation must be vacated. Specifically, Fields claims the information was defective because it contained only a general repeater allegation directed at two defendants and it failed to identify the specific prior conviction that formed the basis of the repeater. Whether Fields' sentence as a repeater is proper involves the application of § 973.12(1) to undisputed facts. This is a question of law which we review de novo. *State v. Campbell*, 201 Wis. 2d 783, 788, 549 N.W.2d 501 (Ct. App. 1996).

¶ 6. We begin our discussion with a review of the pleading requirements in WIS. STAT. § 973.12(1). This section provides in relevant part:

> Whenever a person charged with a crime will be a repeater . . . under s. 939.62 if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If the prior convictions are admitted by the defendant

or proved by the state, he or she shall be subject to sentence under s. 939.62. . . .

Section 973.12(1).

¶ 7. The statute itself does not explicitly state how the prior conviction should be alleged in the charging document so as to provide proper notice. We find guidance, however, in *State v. Gerard*, 189 Wis. 2d 505, 525 N.W.2d 718 (1995).[3] In that case, the supreme court addressed which charging document should be the focus of our inquiry, what information it should contain and when it must be provided. The court noted that the defendant pleads to the information, rather than the complaint, and therefore the information is the document that will ordinarily include the repeater allegation. *Id.* at 512 n.6. Furthermore, a proper charging document will "identify the repeater offense, the date of conviction for that offense, and the nature of the offense—whether for a felony or misdemeanor conviction. The totality of information provided in the information will allow a defendant to determine the length of the enhanced penalty to which he is exposed." *Id.* at 515–16 (footnote omitted). Finally, the timing of the repeater allegation is crucial. "Due process requires the defendant to be informed of his or her repeater status before pleading to the charges." *Id.* at 513 n.6.

---

[3] The State asserts that the "totality of the record" test set forth in *State v. Liebnitz*, 231 Wis. 2d 272, 285–87, 603 N.W.2d 208 (1999), should control the outcome of this case. We disagree. *Liebnitz* addressed the issue of whether the defendant's plea under the circumstances of that case constituted an admission of the repeater allegations. *Id.* at 288. Unlike the case before us, the defendant in *Liebnitz* did not challenge the accuracy or specificity of the repeater provisions in the pleading. *Id.* at 276.

¶ 8. For purposes of our review, we focus only on the information because as *Gerard* instructs, it is the information which must have alerted Fields to the extent of his punishment at the time he pled to the charges. In this case, we agree with Fields that the information filed on October 2 was woefully inadequate and failed to technically comply with the pleading requirements of Wis. Stat. § 973.12(1) as interpreted by the *Gerard* court. The information, by itself, failed to identify the date and nature of the offense that served as the basis of the repeater allegation. In our view, however, the defective information was cured by the State's submission of a certified copy of the prior convictions at the change of plea hearing. We view this proof of the convictions as a tacit amendment to the information which, taken together with the general allegation in the information, provided Fields with proper notice of all of the elements of the prior convictions, including the date and nature of the prior offenses and potential enhanced penalty he would face if convicted of the charged crime. As the following plea colloquy reveals, this notice was provided *prior* to the court's acceptance of Fields' no contest plea and therefore satisfies the requirements of the statute.

> [Prosecutor:] Judge, for purpose of the court accepting the plea, I have filed with the court a certified conviction from the County of Milwaukee indicating that the defendant has been convicted as a felon on two separate occasions.
>
> [The Court:] The charges being battery to a law enforcement officer?
>
> [Prosecutor:] Correct.
>
> [The Court:] That's the only one I see on here; then, two misdemeanors, is that right?

[Prosecutor:] Correct.

[The Court:] Well, the defendant is charged at this time with battery to a peace officer as a repeater and if convicted would be subject to a fine of not to exceed ten thousand dollars, imprisonment not to exceed 16 years, or both; do you understand that, Mr. Fields?

[Fields:] Yes, sir.

[The Court:] And the defendant's plea to the charge?

[Fields' attorney:] Judge, Mr. Fields will be entering/changing his plea to one of no contest to the information.

[The Court:] Is that right, Mr. Fields?

[Fields:] Yes, sir.

[The Court:] Do you understand, sir, by pleading no contest you waive your right to a jury trial and your right to confront and cross-examine your accusers and witnesses against you?

[Fields:] Yes, sir.

[The Court:] And do you understand that if you were to have a jury trial all 12 jurors would have to unanimously agree upon your guilt before you could be convicted?

[Fields:] Yes, sir.

[The Court:] Is this your signature on page two of the plea form that's been filed with the court?

[Fields:] Yes, sir.

[The Court:] Did you go over it with Mr. De Junco [Fields' attorney] before signing it?

[Fields:] Yes, sir, I did.

299

[The Court:] Did he explain it to you?

[Fields:] Yes, your Honor.

[The Court:] Did he explain to you that before you could be convicted the state would have to prove beyond a reasonable doubt that you did cause bodily harm to a law enforcement officer; secondly, that that law enforcement officer was acting in his official capacity, that you knew that the victim was a law enforcement officer, and that the victim was injured without his consent; do you believe the state would be able to prove those elements beyond a reasonable doubt?

[Fields:] Yes, your Honor.

[The Court:] The Court will find the defendant's plea of no contest is freely, voluntarily and intelligently entered. Mr. De Junco, do you stipulate to the underlying facts as set forth in the original criminal complaint in support of the plea?

[Fields' attorney:] Yes, we do, your Honor.

[The Court:] The court finds that a factual basis for the plea exists. I'll find the defendant guilty. . . .

¶ 9. Fields asserts that if the proof of the prior convictions constitutes an amendment to the defective information, the amendment was offered too late in the proceedings. Relying on *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991), and a case consolidated with it, *State v. Robles*, Fields maintains the State was required to allege the applicable prior convictions in the charging documents by the time Fields entered his not guilty plea at the arraignment. In other words, Fields interprets *Martin/Robles* to prohibit an amendment to the repeater allegation after any plea is accepted. As we discuss below, this is not the rule of law we glean from *Martin/Robles*.

¶ 10. In *Martin/Robles*, neither the complaint nor the information alleged the defendants' repeater status. *Id.* at 889–90. The defendants pled not guilty to the underlying charges at their arraignments without any notice of their repeater status and the potential enhanced penalty. *Id.* In both cases, after arraignment the State formally amended the information to include the repeater charges. *Id.* at 890–91. Apparently, neither defendant had an opportunity to enter a plea to the amended information. After trial, the defendants were convicted and sentenced as repeat offenders. *Id.* The appellate court vacated the portion of the sentences attributable to the penalty enhancement and the supreme court affirmed. *Id.* The court reasoned that due process demands that the defendant know the extent of his or her punishment at the time of pleading:

> The allegation of recidivism is put in the information in order to meet the due-process requirements of a fair trial. When the defendant is *asked to plead,* he is entitled to know the extent of his punishment of the alleged crime, which he cannot know if he is not then informed that his prior convictions may be used to enhance the punishment.

*Id.* at 900–01 (citation omitted). The teaching of *Martin/Robles* is that the law will not permit a repeater allegation if the defendant has not had notice of his or her status as a repeater and an opportunity to respond to the charging document.

¶ 11. Two significant factors distinguish the case before us from *Martin/Robles*. First, unlike Martin and Robles, Fields had notice at his arraignment of his status as a repeater and the potential enhanced penalty he faced if convicted. Second, although the information to which Fields pled was inadequate, he had another

opportunity to plead after submission of the appropriate information regarding the prior convictions. At the change of plea hearing, he had an opportunity to respond to the habitual criminality charge with full knowledge of the specific prior convictions underlying the allegation. He responded by changing his plea to no contest. Therefore, we see a marked difference between the information on hand when Martin and Robles entered what came to be their final pleas and the information Fields had when he entered his second plea. While Martin and Robles never had the opportunity in a plea hearing to respond to the repeater allegation in the amended information, Fields had that opportunity.

¶ 12. Our understanding of the law is corroborated by *Gerard*. In *Gerard*, the charging documents incorrectly stated the enhanced penalty for one of two counts. *Gerard*, 189 Wis. 2d at 509–10. The court concluded that the mistake in the penalty enhancer did not affect the sufficiency of the notice, and therefore, the post-arraignment correction of the mistake did not violate the statute. *Id.* at 509, 512. In reaching this conclusion, the court noted that its concern in *Martin/Robles*—that the defendant have knowledge of the potential punishment before pleading to the charges—was satisfied because the information, at the time of arraignment, correctly alleged Gerard's repeater status. *Gerard*, 189 Wis. 2d at 514. We have since interpreted *Gerard* to permit an amendment to an inaccurate information as long as the amendment does not affect the sufficiency of the notice to the defendant regarding his or her repeater status. *See Campbell*, 201 Wis. 2d at 791.[4]

---

[4] The State points out that Fields never denied that he was a repeater and never raised any objection to the repeater allegation until he filed his postconviction motion. The State

¶ 13. With this understanding of *Martin/Robles* and *Gerard*, we apply the law to the facts of this case. Fields asserts that at his arraignment he did not have proper notice of the nature of the charge against him and the potential consequences of his plea. We have already noted the deficiencies in the information; nonetheless, it sufficed to inform him that as a habitual criminal, his prison sentence could be increased "by not more than six years, for a total of sixteen years." This sentence could only be imposed if he were a repeater, as the information alleged.[5] In addition, at the arraignment, the trial court informed Fields of the repeater allegation and potential enhanced penalty prior to the entry of the not guilty plea. As we concluded previously, the subsequent submission of the certified copy of his prior convictions then served as a tacit "amendment" to the information, filling the gap of missing information by providing details of the date and nature of the prior offenses.

¶ 14. We are further convinced that this amendment, as we refer to it, did not prejudice Fields. *See Gerard*, 189 Wis. 2d at 517 n.9 (prejudice has always been a consideration with regard to amending a charging document). Fields does not assert that his plea

claims Fields thereby waived his right to challenge the repeater portion of his sentence. No court has yet concluded that a defendant waives the right to challenge the State's failure to comply with Wis. Stat. § 973.12(1) by failing to object at the sentencing hearing. *See State v. Goldstein*, 182 Wis. 2d 251, 256 n.2, 513 N.W.2d 631 (Ct. App. 1994). We decline to do so in this case. We also decline to invoke our discretionary authority to apply judicial estoppel in denying Fields' claim.

[5] The maximum prison sentence for a Class D felony without the repeater enhancement is ten years. Wis. Stat. § 939.50(3)(d).

would have been different if more specific information had been contained in the information. To the contrary, at both the arraignment and change of plea hearing, Fields acknowledged his understanding during the plea colloquies that acceptance of his plea would expose him to a potential sixteen-year prison sentence.

¶ 15. To summarize, the record in this case makes clear that Fields was fully aware of the repeater peril present in this particular case, both at his arraignment when he pled not guilty and at the later entry of his no contest plea. Although the pleading itself failed to contain sufficient detail to provide Fields with proper notice in compliance with the statute and *Gerard*, the certified copy of his prior convictions served to amend and cure this defect. The change of plea hearing then gave him the opportunity to respond to the repeater allegation with full knowledge of all the underlying facts. On this basis, we affirm the judgment and order of the trial court.

¶ 16. We make this determination reluctantly; it would have been preferable for the State, either in the complaint or the information, to specify the prior convictions used as the basis for Fields' repeater status, including the charges, the dates and the jurisdictions. Utilizing procedures the statute provides, the State could have requested additional time to investigate and identify the prior convictions and then formally amend the information prior to the plea. *See* Wis. Stat. § 973.12(1). Failure to follow the statutory prerequisites results in almost automatic appeal and precipitates the inefficient administration of justice. We urge the State to draft pleadings with more care in order to preserve precious judicial resources.

*By the Court.*—Judgment and order affirmed.