STATE of Wisconsin, Plaintiff-Respondent,

v.

Nely B. ROBLES, Defendant-Appellant.†

Court of Appeals

*No. 2012AP307–CR. Submitted on briefs November 30, 2012.*
*—Decided May 1, 2013.*

2013 WI App 76

(Also reported in 833 N.W.2d 184.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Brian P. Dimmer* of *Petit and Dommershausen, S.C.,* Menasha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Rebecca Rapp St. John,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J.    This case requires us to decide whether a circuit court accepting a plea is required to specifically inform the defendant that the charge to which he or she is pleading is a "felony" or "misdemeanor." We conclude it is not and affirm.

## BACKGROUND

¶ 2.    Nely Robles pled to and was found guilty of felony identity theft, as a party to the crime. Prior to

accepting Robles' plea, the circuit court engaged in a plea colloquy with Robles that she concedes was sufficient in all relevant respects except that the court neglected to use the word "felony." Robles filed a postconviction motion to withdraw her plea on the ground that she was not adequately informed of the nature of the charge, as required by WIS. STAT. § 971.08(1) (2011–12),[1] solely because the court failed to inform her during the colloquy that the charge to which she was pleading was a "felony." The court denied her motion without an evidentiary hearing, concluding that "the law does not require the Court to use the magic words—the felony." Robles appeals.

### DISCUSSION

¶ 3.   A defendant seeking to withdraw a plea on the ground that it was accepted without the circuit court's conformance with WIS. STAT. § 971.08(1) bears the initial burden of making a prima facie showing of a deficiency. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). Whether a defendant has made such a showing is a question of law we review de novo. *State v. Brown*, 2006 WI 100, ¶ 21, 293 Wis. 2d 594, 716 N.W.2d 906.

¶ 4.   In addition to other requirements, WIS. STAT. § 971.08(1) requires a circuit court accepting a defendant's plea to address a defendant personally and determine that the plea is made voluntarily with understanding of the "nature of the charge." Sec. 971.08(1)(a).[2] Robles argues that the plea hearing in her case was deficient because she was not adequately

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] Wisconsin courts have also referred to this requirement as necessitating that the court establish the defendant's under-

informed of the nature of the charge due to the circuit court's failure to specifically inform her that the charge was a "felony." We disagree.

¶ 5. WISCONSIN STAT. § 971.08 does not define "nature of the charge." While Robles points out that no Wisconsin court has directly addressed the issue now before us, she argues that the supreme court's decisions in *Harms v. State*, 36 Wis. 2d 282, 153 N.W.2d 78 (1967), and *State v. Denter*, 121 Wis. 2d 118, 357 N.W.2d 555 (1984), and this court's decisions in *State v. Squires*, 211 Wis. 2d 876, 565 N.W.2d 309 (Ct. App. 1997), and *State v. Fields*, 2001 WI App 297, 249 Wis. 2d 292, 638 N.W.2d 897, support her contention that a charge's "felony" or "misdemeanor" designation is part of the "nature of the charge" and thus a court must inform a pleading defendant of that designation during the plea colloquy. We are not persuaded. While these cases do reference the term "felony" and "misdemeanor" with regard to the "nature" of the "charge," "offense" or "crime," they do so in contexts which in no way relate to a circuit court's duties during a plea hearing.

¶ 6. In *Harms*, our supreme court considered a jurisdictional question regarding to which court a defendant must appeal a misdemeanor conviction when the conviction involved a repeater enhancer that resulted in a prison sentence. *Harms*, 36 Wis. 2d at 286–87. In this context, the court concluded that the habitual criminality statutes, while increasing the penalty for the misdemeanor offense involved in that case,

standing of "the nature of the crime with which he [or she] is charged." *State v. Brown*, 2006 WI 100, ¶ 35, 293 Wis. 2d 594, 716 N.W.2d 906 (citing *State v. Bangert*, 131 Wis. 2d 246, 262, 389 N.W.2d 12 (1986)). Because Robles does not argue that there is any meaningful distinction between "nature of the charge" and "nature of the crime with which he [or she] is charged," and we see none, we will use the term "nature of the charge."

did not change the "status" or "nature" of the crime to a felony. *Id.* at 285. In *Denter*, the court considered whether a misdemeanor battery charge was converted to a felony, thereby requiring a preliminary hearing, because the involvement of a dangerous weapon increased the potential term of imprisonment to more than one year. *Denter*, 121 Wis. 2d at 121–22. The court concluded the relevant statute did not change the "grade," "designat[ion]," or "nature" of the offense from a misdemeanor to a felony. *Id.* at 123–26. In *Squires* and *Fields*, we considered whether repeater penalty enhancer allegations were sufficiently pled in the charging document. *Fields*, 249 Wis. 2d 292, ¶ 4; *Squires*, 211 Wis. 2d at 879–80. In those cases, we used the word "nature" in a manner similar to how the *Harms* and *Denter* courts used it, simply as a term to categorize, or identify, the "status," "designation," or "grade" of the prior offense set forth in the charging document as either a misdemeanor or felony. *Fields*, 249 Wis. 2d 292, ¶ 7; *Squires*, 211 Wis. 2d at 882.

¶ 7.    The context and use of the term "nature" in those four cases is very different from what we are considering here—Robles' argument that a circuit court is *required* to say the word "felony" or "misdemeanor" during a plea hearing in order to adequately inform a defendant of the nature of a pending charge to which he or she is entering a plea. We find our supreme court's decisions in *State v. Cecchini*, 124 Wis. 2d 200, 368 N.W.2d 830 (1985), *overruled on other grounds by Bangert*, 131 Wis. 2d at 274, *Bangert,* and *Brown* far more instructive on this issue in that these cases discuss "nature of the charge" in the context of a plea colloquy.

¶ 8.    In *Cecchini*, the supreme court held that the circuit court's colloquy with the defendant was insufficient with regard to the "nature of the charge" because

the circuit court "neglected to advise Cecchini as to any of the elements of the crime; there was no attempt to inform the defendant of the law in relation to the facts." *Cecchini*, 124 Wis. 2d at 214. The court pointed out that "[o]ne way to *assure* that the defendant understands the nature of the charge is for the trial court to summarize the elements of the crime charged, relating them to the facts of the case. A simple method for doing so is to refer to the uniform jury instructions." *Id.* at 213 (emphasis added; footnote omitted).

¶ 9.  Considering Wis. Stat. § 971.08(1)(a) a year later, the supreme court in *Bangert* held that a circuit court can satisfy the "nature of the charge" aspect of a plea colloquy by "summariz[ing] the elements of the crime charged by reading from the appropriate jury instructions or from the applicable statute." *Bangert*, 131 Wis. 2d at 267–68 (citation omitted). The court more recently reiterated that holding in *Brown* and concluded that the circuit court in that case "did not satisfactorily enumerate, explain, or discuss the facts or elements of the three felonies [to which Brown pled] in a manner that would establish for a reviewing court that Brown understood the nature of the charges." *Brown*, 293 Wis. 2d 594, ¶¶ 5, 46; *see also State v. Howell*, 2007 WI 75, ¶¶ 43, 51, 54, 301 Wis. 2d 350, 734 N.W.2d 48 (further reiterating that the defendant's understanding of the facts and elements is the relevant "nature of the charge" inquiry).

¶ 10.  These holdings instruct us in two ways. First, they inform us that our supreme court recognizes the term "nature of the charge" as referring to the elements of the charged offense or, more precisely, the elements of the offense in relation to the facts associated with that charge. Second, they advise us that a

circuit court's plea colloquy duties related to the "nature of the charge" can be satisfied "by summariz[ing] the elements of the crime charged by reading from the appropriate jury instructions or from the applicable statute." Consideration of our jury instructions and statutes is insightful.

¶ 11. A review of Wisconsin's criminal jury instructions in effect at the time *Brown* reiterated this *Bangert* holding reveals that the vast majority of those instructions did not include the word "felony" or "misdemeanor." This is also true of the instructions in effect today.[3] In fact, the instructions applicable to the charges to which the defendant in *Brown* actually pled did not include the word "felony" or "misdemeanor."[4] Also, while most of our criminal statutes at the time of *Brown* (and now) did reference their related crime as either a "felony" or "misdemeanor," some contained no

---

[3] By way of example, the instructions for identity theft and party to a crime, which relate to the charge to which Robles pled, include no reference to "felony" or "misdemeanor." *See* Wis JI—Criminal 1458 (Apr. 2004) and Wis JI—Criminal 400 (May 2005). Thus, had the circuit court in this case ascertained Robles' understanding of the nature of the charge "by reading from the appropriate jury instructions," the court still would have included no reference to "felony" or "misdemeanor."

[4] Brown pled to first-degree sexual assault (with a weapon), Wis. Stat. § 940.225(1)(b) (2001–02), armed robbery with use of force, Wis. Stat. § 943.32(1)(a) & (2) (2001–02), and kidnapping, Wis. Stat. § 940.31 (2001–02), all as a party to the crime, Wis. Stat. § 939.05 (2001–02). *Brown*, 293 Wis. 2d 594, ¶¶ 8, 11 & n.7. The relevant jury instructions were Wis JI—Criminal 1203 (Dec. 1996) and Wis JI—Criminal 1200A (Apr. 2003) or Wis JI—Criminal 1200B (Dec. 1996); Wis JI—Criminal 1479 (Jan. 1994), Wis JI—Criminal 1480 (Apr. 2000), and Wis JI—Criminal 1480A (Jan. 1994); Wis JI—Criminal 1281 (June 1990); and Wis JI—Criminal 400 (Nov. 1994) and Wis JI—Criminal 401 (Dec. 1995), respectively.

such designation within the statute itself.[5] Thus, the supreme court could not have held that "summariz[ing] the elements of the crime charged by reading from the appropriate jury instructions . . . or from the applicable statute" can satisfy the "nature of the charge" aspect of a plea colloquy if it considered a charge's "felony" or "misdemeanor" designation to be part of the "nature of the charge."

¶ 12.    Further, while we recognize that the specific issue now before us was not directly addressed in *Cecchini, Bangert* and *Brown*, the supreme court's consideration of the plea colloquies in those cases is nonetheless worth noting. Both the *Cecchini* and *Bangert* courts included the plea colloquies within those decisions themselves. *See Cecchini*, 124 Wis. 2d at 202–03; *Bangert*, 131 Wis. 2d at 262–65. Neither of the colloquies included the word "felony" or "misdemeanor," yet those courts never hinted that this absence constituted a deficiency. Also, the supreme court included within the *Brown* decision what it termed "[t]he entire exchange between the circuit court and Brown concerning the nature of the charges." *Brown*, 293 Wis. 2d 594, ¶ 12. That exchange too did not include the words "felony" or "misdemeanor," yet the *Brown* court, like the *Bangert* and *Cecchini* courts, did not identify the absence of these words as a deficiency in the "nature of the charge" aspect of the plea colloquy. We note too that if the word "felony" or "misdemeanor" had been uttered by the circuit court at some other point in the *Brown* plea

---

[5] *See, e.g.,* Wis. Stat. §§ 51.30(10)(bm) and 146.84(2)(c) (2003–04) (related to health care records) and Wis. Stat. § 252.15(9) (2003–04) (related to HIV information). Like today, the felony or misdemeanor designation for these crimes could be determined by cross-reference to the general provisions of Wis. Stat. §§ 939.60 and 973.02 (2003–04).

hearing, the supreme court did not recognize those instances as "concerning the nature of the charge."

■

¶ 13. Based upon the foregoing, we conclude that the "felony" or "misdemeanor" designation of a charge is not part of the "nature of the charge." Accordingly, a circuit court accepting a plea is not required to specifically inform the defendant of the applicable designation. As a result, Robles has failed to make a prima facie case that the plea colloquy in this case was deficient.[6]

*By the Court.*—Judgment and order affirmed.

■■■■

---

[6] Because we hold that a circuit court is not required to inform a pleading defendant of the felony/misdemeanor designation of a charge, we need not address an additional contention of Robles that she did not understand that the charge to which she was pleading was a felony. Nonetheless, the record discloses that she in fact knew or should have known she was pleading to a felony. To begin, the complaint and information both identified the elements for Count 2, the identity theft count to which Robles pled, and that Count 2 was a Class H felony for which she could be imprisoned up to six years. At a hearing prior to her plea, Robles acknowledged she understood the charges against her in the information. At a postconviction hearing on a related claim Robles has since abandoned, she acknowledged having the complaint at her initial appearance, that she knew Count 2 was a felony at the time of that appearance, and that the charges did not change at all throughout her court proceedings. At the plea hearing itself, when the circuit court informed Robles she was pleading to Count 2, what the elements were for that count, and that the maximum time of imprisonment was six years, she indicated she understood. Further, the record suggests Robles demonstrated no surprise or concern when, during sentencing arguments conducted immediately after she entered her plea, her counsel stated that Robles "now has a felony conviction."