STATE of Wisconsin, Plaintiff-Respondent,

v.

John A. JIPSON, Defendant-Appellant.

Court of Appeals

*No. 03–0866–CR. Submitted on briefs September 9, 2003.—
Decided September 23, 2003.*

2003 WI App 222

(Also reported in 671 N.W.2d 18.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martha K. Askins*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Shunette T. Campbell*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. John Jipson appeals the circuit court's denial of his postconviction motion for plea withdrawal and resentencing. Jipson argues he did not know the State had to prove as an element of second-

degree sexual assault of a child that he had sexual contact for purposes of sexual degradation, humiliation, arousal, or gratification. Accordingly, he claims his plea was not entered knowingly, voluntarily, and intelligently and therefore is entitled to withdraw it. *See State v. Bangert*, 131 Wis. 2d 246, 257, 389 N.W.2d 12 (1986). We agree and reverse the trial court's order.

## BACKGROUND

¶ 2. On July 5, 2001, Jipson was charged with one count of repeated sexual assault of a child, contrary to WIS. STAT. § 948.025(1),[1] subject to an enhanced penalty under § 948.025(2m) because he was responsible for the welfare of the victim. As part of a plea agreement, Jipson pled no contest to a single count of second-degree sexual assault of a child, by sexual contact, contrary to WIS. STAT. § 948.02(2).[2] Section 948.02(2) defines second-degree sexual assault of a child as having "sexual contact . . . with a person who has not attained the age of 16." Sexual contact is defined as "Intentional touching by the complainant or defendant . . . for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." WIS. STAT. § 948.01(5).

¶ 3. On the plea questionnaire/waiver of rights form, Jipson's attorney listed the elements of the of-

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] The fourth amendment information stated:

**Count I: SECOND DEGREE SEXUAL ASSAULT OF A CHILD**

Have sexual contact with a person who had not yet attained the age of 16 years, contrary to Wisconsin Statute 948.02(2). This is a Class BC Felony which carries with it a fine not to exceed $10,000.00 or imprisonment not to exceed 30 years, or both.

fense as "Had sexual contact, w/person under age 16, knowing contact." The attorney testified he used the term "knowing contact" on the plea questionnaire to indicate that whatever contact occurred between Jipson and the victim was not inadvertent or accidental. The attorney never explained to Jipson that the State had to prove Jipson had intentional sexual contact for the purpose of his sexual gratification or any other purpose listed in Wis. Stat. § 948.01(5). During the plea colloquy, the trial court never discussed with Jipson the specific elements of the offense. Jipson nevertheless pled no contest and was sentenced to the maximum penalty of thirty years' imprisonment, twenty years' initial confinement followed by ten years' extended supervision.

¶ 4. Jipson filed a postconviction motion for relief seeking withdrawal of his plea. Jipson claimed he did not understand the State had to prove the sexual contact was intentionally done for purposes of sexual degradation, humiliation, gratification, or arousal. In the alternative, Jipson asked for sentence modification.

¶ 5. The trial court denied Jipson's motion on both grounds. Regarding the alleged defective no contest plea, the court acknowledged it failed to discuss with Jipson the specific elements of the offense. Nevertheless, the court concluded Jipson's plea was knowing and found his testimony to the contrary incredible. In support of its conclusion, the court found: Jipson was a forty-three-year-old man with a high school diploma plus some college education; he was not rushed into pleading no contest to the offense because the plea hearing occurred weeks after Jipson's preliminary hearing; his attorney went through the plea questionnaire/waiver of rights form with him section by section; his attorney explained the elements of the crime in common language and phrases that he thought Jipson

would understand; and that it had not been shown the term "sexual gratification" must be used in the explanation as an element of the offense. Jipson appeals.

## DISCUSSION

¶ 6. Whether a plea was entered knowingly, voluntarily and intelligently is a question of constitutional fact. *State v. Trochinski*, 2002 WI 56, ¶ 16, 253 Wis. 2d 38, 644 N.W.2d 891. We review independently Jipson's plea, benefiting from the analysis of the circuit court. *Id.* Findings of historical or evidentiary facts will not be upset unless they are clearly erroneous. *Id.*

¶ 7. When challenging a guilty or no contest plea, the defendant has the initial burden to produce a prima facie case comprised of the following two parts. First, the defendant must show the trial court accepted the defendant's guilty plea without conforming to WIS. STAT. § 971.08 or other mandatory procedures.[3] Second, the defendant must merely allege he or she did not know or understand the information that should have been provided at the plea hearing. *Bangert*, 131 Wis. 2d at 268–69. If the defendant satisfies this test, the burden of persuasion then shifts to the State to show by clear and convincing evidence that the defendant's plea was

---

[3] WISCONSIN STAT. § 971.08(1) states in pertinent part: "Before the court accepts a plea of guilty or no contest, it shall do all of the following: (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted."

somehow otherwise knowingly, voluntarily, and intelligently made, despite any shortcomings at the plea hearing. *Id.* at 274.

¶ 8. Jipson contends he established a prima facie case because the plea colloquy did not conform to WIS. STAT. § 971.08 and he was otherwise unaware the State had to prove sexual gratification as an element of second-degree sexual assault of a child. We agree.

¶ 9. WISCONSIN STAT. § 971.08(1) requires the trial court to determine a plea "is made voluntarily with understanding of the nature of the charge." To understand the nature of the charge, the defendant must be aware of all the essential elements of the crime. *State v. Nichelson*, 220 Wis. 2d 214, 218, 582 N.W.2d 460 (Ct. App. 1998). While it is true the purpose of the sexual contact is not an element of the crime listed under WIS. STAT. § 948.02(2), but rather is a definition of the element "sexual contact" found in WIS. STAT. § 948.01(5), the courts have nevertheless crafted this to be an element of the offense. *Id.* at 220–21.[4] In *State v. Bollig*,

---

[4] *State v. Nichelson*, 220 Wis. 2d 214, 582 N.W.2d 460 (Ct. App. 1998), involved a defective guilty plea to first-degree sexual assault of a child. The court held the defendant made a prima facie case that his plea did not conform to WIS. STAT. § 971.08 because he did not know the State had to prove as an element of the offense that sexual contact was for his own sexual gratification. *Id.* at 220. The court reasoned that a defendant must understand the nature of the constitutional rights he or she is waiving before they can be waived. Included in these rights is the requirement that the State prove each element of

2000 WI 6, ¶ 50, 232 Wis. 2d 561, 605 N.W.2d 199, the supreme court stated:

> The essential elements of a charge of attempted sexual contact with a child under the age of thirteen include that the defendant attempted: 1) to have sexual contact with the victim; 2) the victim had not attained the age of thirteen at the time of the alleged contact; and 3) the alleged contact was for the purpose of defendant's sexual gratification or the victim's humiliation.

Thus, Jipson must be aware of this element before he can knowingly plead to the offense. Because the record revealed that neither the court nor Jipson's attorney explained to him this essential element, and because Jipson alleges he was not otherwise aware this was an element, he has made a prima facie showing under *Bangert*.

¶ 10. The State argues there is no requirement that the defendant understand the exact legal terms of each element, but rather need only understand the nature of the charge and have a general awareness of the elements. *Trochinski*, 253 Wis. 2d 38, ¶¶ 29–30. But in *Trochinski*, the supreme court clearly stated the defendant knew all the elements of the charged offense because they were listed in the plea questionnaire/waiver of rights form and mentioned during the plea colloquy. *Id.*, ¶ 23. On this ground the *Trochinski* court distinguished *Nichelson*, where the defendant did not know the State had to prove as an element of the crime that the purpose of the sexual contact was for his own sexual gratification. In the end,

the crime beyond a reasonable doubt. To waive this right, the defendant must know and understand all of the essential elements of the crime. The court concluded, with little explanation because the State agreed, that sexual gratification is an element of sexual assault. *See id.* at 220, 225.

*Trochinski* stands for the limited proposition that the circuit court does not have to "ensure the defendant specifically understands how the State must prove each element." *Id.*, ¶ 22. Thus, *Trochinski* is not applicable because here there was a total failure to inform Jipson of an essential element.

■

¶ 11. The second step in the *Bangert* analysis shifts the burden to the State to prove by clear and convincing evidence that, notwithstanding deficiencies at the plea hearing, the defendant's plea was otherwise knowingly, intelligently and voluntarily made. *Bangert*, 131 Wis. 2d at 274. However, no matter how incredible the defendant's prima facie case is, the State must present affirmative evidence to rebut it. *See Nichelson*, 220 Wis. 2d at 224–25. The State is not limited to what transpired at or before the plea hearing to meet this standard, but rather can scour the entire record for affirmative evidence. *See id.*

■

¶ 12. To prove Jipson's plea was knowingly made, the State offers Jipson's and his attorney's testimony at the postconviction hearing. With respect to Jipson's attorney, when asked why he wrote the elements on the plea questionnaire/wavier of rights form as "Had sexual contact, w/person under age 16, knowing contact," he testified he meant:

> That it wasn't an accidental type of thing, because —
> the information that I had was there could have been,
> at least on one occasion, there could have been an
> accidental, at least the way he described to me, an
> accidental touching of something. That's why when I
> put down the knowing, the intentional thing, it is to

475

> indicate that it is not an inadvertent or accidental type of thing. I mean, that it was done for the purpose of causing the contact.

The State claims this proves Jipson's attorney conveyed to Jipson, and Jipson must have understood, that he was not being charged for accidentally touching the victim, or touching the victim for some purpose other than for sexual gratification. The State concludes this proves by clear and convincing evidence Jipson's plea was knowingly made. We disagree.

¶ 13. This testimony not only shows that Jipson was not specifically informed of the essential element that the sexual contact had to be for purposes of sexual degradation, humiliation, arousal, or gratification, it actually misstates the requisite mental element of the crime. The State does not have to prove the defendant "knowingly" touched the victim, or that it was merely done for the purpose of causing contact. Rather, the State has to prove there was "intentional touching . . . for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." WIS. STAT. § 948.01(5)(a).

¶ 14. This is not a distinction without a difference. WISCONSIN STAT. § 939.23(2) defines "know" as "requir[ing] only that the actor believes that the specified fact exists." Section 939.23(3) defines "intentionally" as

> Mean[ing] that the actor either has a purpose to do the thing or cause the result specified, or is aware that his or her conduct is practically certain to cause that result. In addition . . . the actor must have knowledge of those facts which are necessary to make his or her conduct criminal and which are set forth after the word "intentionally."

Whether one believes something exists or will happen is a different level of criminal intent as compared to whether it is one's conscious objective, that is, one's purpose, to do something. As a result, "knowing" contact and "intentional" contact are two very different things. For this reason, the testimony of Jipson's attorney does not provide clear and convincing evidence that Jipson's plea was knowingly made.

¶ 15. The State also uses Jipson's testimony at the postconviction hearing to prove he otherwise made a knowing plea of no contest to the charged offense. The relevant testimony is as follows:

Q: You knew [the charge] involved sexual intercourse?

A: That's what [the victim] was claiming.

. . . .

Q: You told [the pre-sentence investigator] that your behavior with [the victim] was highly inappropriate?

A: I don't think I ever used the word highly. I may have used inappropriate.

. . . .

Q: Other than for sexual gratification, would there have been any reason for you to have intentionally had contact, physical contact, with [the victim's] breasts or vagina?

A: Not that I'm aware of.

. . . .

Q: Even by your own admission, you had fondled her, and by your own admission, you and she were present in one another's company with little or no clothing, and you had an erect penis, is that correct?

477

A: I stated that. ˌ

Q: And you're saying that doesn't indicate sexual attraction?

A: I don't know.

The State claims this proves by clear and convincing evidence Jipson understood the intent element of the crime. He knew he was not charged with accidentally touching the girl, and that Jipson admitted he had physical contact with the victim's intimate parts. We are not persuaded.

¶ 16. Jipson's answers, while incriminating, have no bearing on the focus here. That is, the answers do not establish Jipson knew the State had to prove the purpose of the sexual contact was an element of the crime. The critical inquiry is whether Jipson otherwise knew at the time of entering his plea all of the essential elements of the offense so that it can be said he knowingly pled guilty to the crime. His testimony does not establish this.

¶ 17. In conclusion, the State has failed to meet its burden. It has not shown any affirmative evidence that proves clearly and convincingly that Jipson's plea was knowingly, intelligently, and voluntarily made. *See Bangert*, 131 Wis. 2d at 274. Accordingly, Jipson is entitled to withdraw his plea. The circuit court order is reversed and the matter is remanded to the circuit court for further proceedings.[5]

_____

[5] Because we hold Jipson is entitled to withdraw his plea, we do not address whether the circuit court placed undue emphasis on his status as a foster parent in imposing his sentence or whether imposition of the maximum possible sen

*By the Court.*—Order reversed and cause remanded.

tence is unduly harsh and excessive under the facts of the case. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) ("As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged.").