**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 19, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1454-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2010CF31

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

BRUCE A. MOORE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Juneau County: RICHARD O. WRIGHT and BERNARD N. BULT, Judges. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Bruce Moore appeals a judgment of conviction and a circuit court order that denied his postconviction motion. The Honorable Richard O. Wright entered the judgment of conviction. The Honorable Bernard N. Bult entered the order denying the postconviction motion. Moore contends that his plea was not knowing, intelligent, and voluntary, and that he is therefore entitled to plea withdrawal. He also contends that he was denied the constitutional right to the effective assistance of counsel in connection with his plea. For the reasons set forth below, we reject those contentions. We affirm.

¶2 In October 2010, the State charged Moore with attempted sexual assault of a child under sixteen years of age, sexual assault of a child under sixteen years of age, and repeated sexual assault of a child. Pursuant to a plea agreement, Moore pled no contest to sexual assault of a child under sixteen years of age. The remaining counts were dismissed and read in, and the State agreed not to charge two misdemeanor offenses and to cap its sentencing recommendation at the recommendation in the presentence investigation report (PSI). At sentencing, the State argued that the circuit court should follow the PSI recommendation of six years of initial confinement and fifteen years of extended supervision. The defense asked for a long term of probation with one year of conditional jail time. The court sentenced Moore to six years of initial confinement and six years of extended supervision.

¶3 In August 2017, Moore filed a postconviction motion to withdraw his plea. He argued that he was entitled to plea withdrawal because the plea colloquy was defective and he did not know the information that should have been provided. Specifically, Moore argued that the circuit court failed to ensure that he understood that he was admitting to sexual intercourse with the victim or that he understood that "sexual contact" requires a showing that the contact was for the

2

defendant's sexual gratification. He also argued that the court did not ensure that he understood that the court was not bound by the parties' sentencing recommendations. He asserted that he did not, in fact, understand that information.

¶4 Moore also argued that he was entitled to withdraw his plea because his counsel was ineffective in connection with Moore's decision to enter a plea. He argued that his counsel was ineffective by failing to investigate reliability issues with the victim's statements and failing to inform Moore of the potential to attack the victim's credibility at trial. He asserted that, had his counsel informed him of that possible defense at trial, he would not have entered a plea but would have insisted on going to trial.

¶5 The circuit court granted Moore an evidentiary hearing on the motion, at which both Moore and his trial counsel testified. After the hearing, the circuit court found that Moore understood the information that was missing from the plea colloquy and that Moore's trial counsel was not ineffective. The court therefore denied Moore's postconviction motion. Moore appeals.

¶6 A defendant is entitled to withdraw a plea after sentencing if the defendant proves that denying plea withdrawal will result in a manifest injustice. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. A manifest injustice results from a plea that was not knowingly, intelligently, and voluntarily entered. *Id.* One way that a defendant may show that a plea was not knowing, intelligent, and voluntary is to identify a defect in the plea colloquy and allege that the defendant did not understand the missing information. *State v. Negrete*, 2012 WI 92, ¶19, 343 Wis. 2d 1, 819 N.W.2d 749. Another way to show a manifest injustice is to allege that counsel was ineffective in connection with the

3

defendant's decision to enter a plea. ***State v. Dillard***, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.

¶7 If a postconviction motion identifies a defect in the plea colloquy and alleges that the defendant did not understand the information that should have been provided, the burden shifts to the State to prove at an evidentiary hearing that the plea was knowing, intelligent, and voluntary. ***Brown***, 293 Wis. 2d 594, ¶¶39-40. If a postconviction motion seeks plea withdrawal based on ineffective assistance of counsel, and the motion alleges sufficiently material facts that, if true, entitle the defendant to relief, the defendant has the burden to prove those allegations at the motion hearing. ***Id.***, ¶42. We accept a circuit court's factual findings following a postconviction motion hearing unless those findings are clearly erroneous, but we independently review whether those facts entitle the defendant to plea withdrawal. *See **Dillard***, 358 Wis. 2d 543, ¶132.

¶8 Moore contends that the State failed to meet its burden to prove that Moore understood that he was pleading no contest to sexual assault by sexual intercourse. He argues that both he and his trial counsel believed that he was pleading to sexual assault by *sexual contact*, but that he in fact pled to sexual assault by *sexual intercourse*. Moore points out that count two of the information charged Moore with second-degree sexual assault of a child under WIS. STAT. § 948.02(2) (2017-18),[1] and alleged that Moore "did have sexual intercourse with a child under the age of sixteen." Moore points out that, at the plea hearing, defense counsel stated that Moore was pleading no contest to count two of the

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. The pertinent provisions of the current WIS. STAT. § 948.02(2) are identical to the version in effect at the time of the offense in this case.

information. He points out that the judgment of conviction indicates that Moore was convicted of count 2, second-degree sexual assault of a child under § 948.02(2). He argues that it follows that he was actually convicted of sexual assault by sexual intercourse, not by sexual contact, and that his plea was therefore not knowingly entered. We are not persuaded.

¶9 Second-degree sexual assault of a child is committed by having sexual contact *or* sexual intercourse with a person who has not attained the age of sixteen years. WIS. STAT. § 948.02(2). While the information alleged that Moore committed the offense by having *sexual intercourse* with the victim, Moore does not cite anything from the plea hearing indicating that Moore pled no contest to committing the offense by sexual intercourse as opposed to by sexual contact. That is, the allegation in the information was that Moore committed the offense by sexual intercourse, but Moore did not make that specific admission at the plea hearing. Rather, Moore pled no contest to the offense of § 948.02(2), which is committed by sexual intercourse *or* sexual contact. Moreover, the facts from the complaint and the preliminary hearing, which established the factual basis for the plea, included allegations of both sexual contact and sexual intercourse. Thus, the allegation of sexual intercourse in the information, which Moore did not specifically admit at the plea hearing, does not render the plea unknowingly entered.

¶10 Moore also contends that the State failed to prove that Moore understood the definition of "sexual contact" at the time he entered his plea. "To understand the nature of the charge, the defendant must be aware of all the essential elements of the crime." *State v. Jipson*, 2003 WI App 222, ¶9, 267 Wis. 2d 467, 671 N.W.2d 18. "Sexual contact" is defined in WIS. STAT. § 948.01(5)(a) as an intentional touching of intimate parts for the purpose of sexual gratification.

"While … the purpose of the sexual contact is not an element of the crime listed under WIS. STAT. § 948.02(2), but rather is a definition of the element 'sexual contact' found in … § 948.01(5), the courts have nevertheless crafted this to be an element of the offense." *Jipson*, 267 Wis. 2d 467, ¶9. Thus, the essential elements of second-degree sexual assault of a child include that "the alleged contact was for the purpose of defendant's sexual gratification or the victim's humiliation." *Id.* Accordingly, "to understand the nature of the charge, a defendant pleading to sexual assault based on sexual contact must be told the specific statutory definition of sexual contact in … § 948.01(5)." *State v. Hendricks*, 2018 WI 15, ¶22, 379 Wis. 2d 549, 906 N.W.2d 666.

¶11 The circuit court made the following factual findings based on the testimony at the postconviction motion hearing. Moore's trial counsel explained to Moore that the State would have to prove the elements of sexual assault at trial for Moore to be convicted. An elements sheet attached to the plea questionnaire listed the elements of second degree sexual assault of a child as: (1) sexual contact or sexual intercourse with a child; and (2) that the child had not attained the age of sixteen years. Counsel read those elements to Moore *and described* each of the elements to him. As part of that process, counsel and Moore discussed the *definition* of "sexual contact."

¶12 Moore argues that his trial counsel's testimony at the postconviction motion hearing was insufficient to establish that counsel explained to Moore that the contact must have been for Moore's sexual gratification. Moore points out that his counsel never testified specifically that his explanation of "sexual contact" included the sexual gratification component. Moore also points to defense counsel's testimony that counsel believed that the court accurately stated the elements at the plea hearing, and that counsel discussed with Moore the elements

6

of the offense attached to the plea questionnaire, none of which included the definition of sexual contact. Moore argues that defense counsel's testimony thus established that he had not, in fact, explained that an essential element of sexual assault of a child is that the contact was for the defendant's sexual gratification. He also argues that nothing at the postconviction motion hearing established that he not only "had the proper information," but also "understood that information," citing *State v. Howell*, 2007 WI 75, ¶50, 301 Wis. 2d 350, 734 N.W.2d 48 (for a sufficient plea colloquy, "the circuit court should have established not only that Howell had the proper information but also that he understood that information").

¶13     The State responds that it met its burden to establish that Moore understood the definition of sexual contact when he entered his plea. It argues that Moore's trial counsel's testimony showed that counsel explained to Moore that sexual contact includes a gratification element. It contends that the fact that counsel affirmed that the circuit court and the plea questionnaire attachment accurately recited the elements did not mean that counsel did not provide any additional information to Moore. Moore replies that the State's argument requires this court to infer that Moore's trial counsel explained the gratification element to Moore based on counsel's testimony that he explained sexual contact to Moore. Moore argues that such an inference is not reasonable based on counsel's other testimony that the circuit court and the plea questionnaire attachment accurately listed the elements.

¶14     We conclude that the State met its burden to establish that Moore understood the sexual gratification element. Moore's trial counsel *described* and *defined* "sexual contact" for Moore, supporting the reasonable inference that counsel explained to Moore that the definition of "sexual contact" is an intentional touching for purposes of the defendant's sexual gratification. *See* WIS. STAT.

7

§ 948.01(5). We are not persuaded by Moore's contention that his counsel could not have provided that information because counsel affirmed that the elements were properly recited by the court and on the plea questionnaire attachment, neither of which set forth the gratification element. We do not read that testimony as indicating that counsel did not provide any additional information to Moore in his description of the elements. Rather, counsel's testimony that he both described and defined "sexual contact" for Moore supports the reasonable inference that counsel explained to Moore the statutory definition of "sexual contact," which includes the sexual gratification element. Further, Moore points to no testimony indicating that his trial counsel gave him an incorrect definition of "sexual contact." We therefore conclude that the circuit court properly denied Moore's motion to withdraw his plea based on a lack of understanding of the elements of second-degree sexual assault of a child.

¶15 Moore also contends that the State presented no evidence to counter Moore's assertion that he did not understand that the court was not bound by his counsel's sentencing recommendation.[2] The State responds that the record

---

[2] We note that Moore cites no authority for the proposition that the circuit court has an affirmative duty to ensure that the defendant understands that the court is not bound by the *defense's* sentencing recommendation that is not joined by the State, such that failure to do so is a defect in the plea colloquy. *See State v. Brown*, 2006 WI 100, ¶35, 293 Wis. 2d 594, 716 N.W.2d 906 (circuit court's duties during plea colloquy include to "[e]stablish personally that the defendant understands that the court is not bound by the terms of any plea agreement, including recommendations from the district attorney, in every case where there has been a plea agreement"). However, because the State does not assert otherwise, we will assume without deciding that Moore alleged a plea colloquy defect that shifted the burden to the State to prove Moore's understanding. *See id.*, ¶36. To the extent that Moore argues that he did not understand that the court was not bound by the *State's* recommendation under the plea agreement, we reject that argument because the circuit court imposed a sentence less than that recommended by the State. *See State v. Johnson*, 2012 WI App 21, ¶14, 339 Wis. 2d 421, 811 N.W.2d 441 (circuit court's failure to advise the defendant that the court is not bound by the plea agreement does not result in a manifest injustice where the defendant receives the benefit of the plea agreement).

establishes that Moore understood that the court was not bound by his counsel's recommendation. It points to defense counsel's testimony at the postconviction motion hearing that counsel reviewed every line of the plea questionnaire with Moore, and also that the plea questionnaire contains a line stating that the court is not bound by any sentencing recommendations. It also points out that, during the plea colloquy, Moore affirmed that he understood that the circuit court could sentence him up to the maximum of forty years of imprisonment, and that no one had promised him anything to induce his plea. The State points to Moore's statement of his education and work history as evidence that Moore was able to understand the information provided by his counsel and the circuit court. Moore replies that nothing cited by the State establishes that Moore understood that the court was not bound by his counsel's sentencing recommendation.

¶16 We conclude that the State established that Moore understood that the court was not bound by the defense sentencing recommendation. It did so through Moore's counsel's testimony that he reviewed every line of the plea questionnaire with Moore, including the line stating that the court was not bound by any sentencing recommendation; by Moore's affirmation at the plea hearing that he understood that he could be sentenced to the maximum of forty years and that he was not promised anything for his plea; and by Moore's stated post-secondary education and successful military career. Accordingly, we affirm the circuit court decision to deny Moore's motion for plea withdrawal based on a lack of understanding that the court was not bound by the defense sentencing recommendation.

¶17 Next, Moore contends that he is entitled to withdraw his plea based on the ineffective assistance of his counsel in connection with his decision to enter a plea. *See* **State v. Bentley**, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996)

(defendant may withdraw a guilty plea after sentencing upon a showing of manifest injustice, such as the ineffective assistance of counsel). He argues that his counsel was ineffective by failing to advise him regarding the possibility of challenging the victim's credibility at trial.

¶18    A claim of ineffective assistance of counsel must establish that counsel's performance was both deficient and prejudicial. *See **Strickland v. Washington***, 466 U.S. 668, 687-694 (1984). Counsel's performance is deficient if it falls outside the wide range of professionally competent assistance. ***Id.*** at 690. In the context of a guilty or no contest plea, a defendant is prejudiced by counsel's performance if, but for the deficient performance, the defendant would not have entered a plea but instead would have insisted on going to trial. ***Bentley***, 201 Wis. 2d at 312. We review the circuit court's factual findings as to an ineffective assistance of counsel claim under the clearly erroneous standard, but independently review whether those facts establish that counsel was ineffective. ***State v. Carter***, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695.

¶19    Moore contends that his counsel was deficient by failing to interview witnesses, hire an investigator, or retain an expert to support a defense challenge to the victim's credibility. Moore points to evidence that police interviews of the fifteen-year-old victim did not conform to best practices for child forensic interviews. Moore points to an expert opinion, which he obtained postconviction, that the flawed interview techniques "may well have reduced the reliability of the statements made by [the victim] in this case." Moore asserts that he was unaware that the victim's credibility could be challenged based on the flawed interview techniques and that, if he had known about that basis to challenge the victim's credibility, he would have insisted on going to trial. The State responds that Moore's trial counsel was not deficient by failing to investigate the reliability of

the victim's statements, pointing to trial counsel's testimony at the postconviction motion hearing as to his steps for evaluating the reliability of the victim's statements. It argues that Moore's trial counsel's testimony shows that counsel provided Moore with professionally competent assistance in connection with his decision to enter a plea. The State also contends that Moore was not prejudiced, arguing that the record does not support Moore's assertion that he would have insisted on going to trial had he known of the possibility that he could attack the victim's credibility with an expert opinion. Moore replies that his counsel's failure to investigate and hire an expert deprived him of the ability to make an informed decision as to whether to enter a plea, that the State's case was otherwise flawed and that, had his counsel conducted that investigation, he could have built a compelling defense.

¶20 We conclude that Moore's trial counsel did not perform deficiently, and we reject Moore's claim of ineffective assistance of counsel on that basis. *See Strickland*, 466 U.S. at 697 (if a claim of ineffective assistance of counsel fails as to either prong, the court need not address the other).

¶21 The circuit court made the following factual findings based on the testimony at the postconviction motion hearing. Moore's trial counsel reviewed the interviews of the victim and Moore and cross-examined the victim at the preliminary hearing. Counsel determined that there were no significant inconsistencies in the victim's statements. Counsel also determined that Moore's statements verified some of the victim's allegations.

¶22 Counsel acknowledged that the way the victim was interviewed was not consistent with protocol for interviewing juvenile victims of sexual assault. However, counsel did not hire an expert to evaluate the victim's statements.

11

Counsel did not believe that the victim's credibility could be effectively attacked before a jury based on the interview techniques. However, had the case gone to trial, counsel had a strategy for challenging the victim's credibility based on the inconsistencies in her statements and the improper interviewing techniques. Counsel discussed with Moore the pros and cons of attacking the victim's credibility as a trial strategy. Counsel did not believe that false memories were an issue in this case, particularly because Moore had admitted at least some of the victim's allegations.

¶23 In evaluating the strength of the State's case, counsel considered Moore's admissions that he had kissed the victim and touched her vagina and breast, and that the victim had touched Moore's penis. Counsel also considered allegations against Moore by other possible potential victims, and the potential for the State to introduce "other acts" evidence at trial. Based on all the evidence, counsel opined that there was a high likelihood of conviction had Moore proceeded to trial.

¶24 Counsel's investigation and decision not to pursue an expert evaluation were reasonable under the circumstances. Counsel evaluated the victim's statements to law enforcement and at the preliminary hearing, and found no major inconsistencies. Counsel also determined that the victim's statements were largely verified by Moore's admissions. Counsel therefore reasonably determined that pursuing a defense that improper interview techniques with the fifteen-year-old victim had implanted false memories would not be viable. Counsel discussed the strengths and weaknesses of the State's case with Moore and gave him a reasonable assessment of the case. While Moore points to potential weaknesses in the State's evidence, it remains that counsel provided a reasonable assessment of the overall strength of the State's case. Additionally, we

are not persuaded that counsel was deficient based on Moore's postconviction expert's opinion that the improper interview techniques "very well may" have impacted the reliability of the victim's allegations. Counsel explained how he evaluated the reliability of the victim's statements and why he determined that the false memory defense would not be viable. In sum, counsel's performance fell within the wide range of reasonably professional representation, and was not deficient. We affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.